[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR ALIMONY PENDENTE LITE ET AL
In this hearing defendant wife seeks pendente lite orders concerning alimony and counsel fees together with a division of CT Page 13867 the assets of the parties. The facts are quite distressing:
The parties were married April 23, 1993, about five and one half years ago. There are no children issue of this marriage although defendant does have two children of a previous marriage and a third from a past relationship.
Defendant describes herself as a forty year old recovering alcoholic, who started drinking five years ago but has been sober for the past ninety days. During the years prior to her ceasing the consumption of alcohol the defendant testified she drank one half a gallon of vodka each day so as "not to feel anything", but that she is now an active member of Alcoholics Anonymous attending as many as seventeen meetings per week.
Despite her problems with alcohol, defendant's work record is fairly impressive. Since the marriage she has worked as a medical secretary in various towns near Hartford, taking home at least $250 per week. In ten or eleven months in 1997 she earned $24,000. Since the parties separated and defendant moved to Vermont in November, 1997 defendant obtained temporary employment of two or three months duration where her stated earnings as a secretary were $900-$1000 weekly. She is presently unemployed. Her financial affidavit reflects assets of about $19,000. She resides in a trailer in rural Vermont.
Plaintiff is a network systems engineer with a stated gross weekly income of $1000 and a weekly net after the usual deductions of about $690. He was diagnosed with cancer of the colon in December 1997, receives three hours of chemotherapy every Friday, and presently works only two days per week, taking some work home with him. His chemotherapy is expected to continue for at least another year and there is some concern that the cancer has spread to his lymph nodes. He presented himself as an honest hard working, determined man in poor health.
It should also be noted that prior to their marriage the parties signed a pre-nuptial agreement where, inter alia, the parties each agreed not to seek either temporary or permanent alimony in any future dissolution action. This court has left the determination of the legality of this document to another day. See Blase v. Blase. Fairfield at Bridgeport FA 88-0251130 9-13-88.
After weighing all of the evidence and after considering the CT Page 13868 earning capacity of the defendant (see Paddock v. Paddock,22 Conn. App. 367, 371 1990) this court orders that plaintiff pay defendant as alimony pendente lite the sum of $200 per week per a period of eight weeks and the sum of $100 per week thereafter.
Defendant's remaining requests are denied.
By the Court
John D. Brennan State Judge Referee